UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SORITA ELZEY, GUARDIAN OF**          **CIVIL CASE NO.**
**SEDRICK ELZEY**

**VERSUS**          **24-456-BAJ-EWD**

**SECRETARY JAMES LEBLANC, ET AL.**

## RULING AND ORDER

Sorita Elzey ("Sorita"), originally filed this suit as the legal guardian of Sedrick Elzey ("Sedrick"), to assert Sedrick's claims against Defendants for personal injuries arising out of Sedrick's incarceration at Madison Parish Correctional Center.[1] On April 28, 2025, Sorita filed a Notice of Death into the record, advising that Sedrick died on March 29, 2025, and that Sorita has been appointed by a Louisiana state court as independent administrator of Sedrick's estate.[2]

Now before the Court is the Ex Parte Motion and Reasons to Substitute Plaintiff ("Motion"), filed by Sorita and proposed Plaintiff Kanika Grant ("Grant").[3] The Motion seeks to substitute Sorita in her capacity as legal representative of Sedrick's succession for Sorita in her prior capacity as Sedrick's guardian. The Motion also seeks to add Grant as a plaintiff because she is the natural tutrix of Sedrick's minor son and sole heir, Z.E.[4]

Federal Rule of Civil Procedure 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution

---

[1] R. Doc. 4.

[2] R. Doc. 43. The Notice of Death advises that Sedrick was interdicted in October 2023 and Serita was appointed his guardian by the state court. R. Doc. 43. *See* Judgment of Temporary Interdiction, entered on October 16, 2023 (R. Docs. 44-2, p. 1) and the Judgment of Permanent Interdiction entered on October 22, 2024 (R. Doc. 44-2, pp. 3-4); and *see* the Affidavit of Death and Heirship, signed by Sorita (R. Doc. 44-4, p. 4); the Petition for Appointment of Independent Administrator (R. Doc. 44-4, pp. 1-3) (noting the March 29, 2025 death of Sedrick and appointing Sorita); and the Order Confirming Appointment of Sorita as Independent Administrator and Letters of Independent Administratorship (R. Doc. 44-3, pp. 1-2).

[3] R. Doc. 44.

[4] R. Doc. 44, p. 1.

may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." In this case, the Motion was timely filed within one day of the Notice of Death.[5]

This Court has explained that, upon a party's death, the court must make the determination regarding proper substitution "pursuant to the procedural mechanism found in Rule 25(a)(1) of the Federal Rules of Civil Procedure and in light of the substantive inheritance laws of the State of Louisiana."[6] Pursuant to La. Code Civ. Proc. art. 801,

> When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.
>
> As used in Articles 801 through 804, "legal successor" means:
>
> (1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and
>
> (2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein.

Sorita and Grant contend that they respectively qualify as La. Code Civ. Proc. art. 801 legal successors under these provisions.

The Minor Z.E. is Sedrick's Sole Heir and Grant Is Z.E.'s Natural Tutrix

Regarding legal successors, La. Civ. Code art. 2315.1 provides for a hierarchy of persons entitled to maintain a survival action, with the first tier being "[t]he surviving spouse and child or children of the deceased, or either the spouse or the child or children." The Motion states that

---

[5] R. Docs. 43-44.
[6] *Wilkerson v. Stalder*, No. 00–304, 2013 WL 6665745, at *1 (M.D. La. Dec. 17, 2013).

Sedrick was not married, which is supported by several exhibits.[7] However, the minor child Z.E. is alleged to be Sedrick's only son and would fit within the first-tier category under La. Civ. Code art. 2315.1. Grant, as Z.E.'s mother, is Z.E.'s natural tutrix and may represent him in this case.[8]

Moreover, "[j]urisprudence interpreting Article 801 requires that a motion to substitute for a deceased party include proof of quality, such as an affidavit of death and heirship or a judgment of possession."[9] In *Austrum v. City of Baton Rouge*, the Louisiana Supreme Court approved of the trial court's substitution of the heirs of the decedent as plaintiffs based on "an ex parte written motion supported by a duly notarized affidavit of two persons as to the death and heirship of the deceased."[10] A notarized affidavit of death and heirship has been filed in support of the Motion, which attests that Z.E. is the sole heir of Sedrick, and that Grant is Z.E.'s mother and natural tutrix. Thus, Z.E. is Sedrick's legal successor under La. Code Civ. Proc. art. 801(1).

<u>Sorita is Sedrick's Succession Representative As Appointed by State Court</u>

Regarding legal successors under the second option listed in La. Code Civ. Proc. 801, the Ninth Judicial District Court for the Parish of Rapides granted Sorita and Grant's Petition to appoint Sorita as Independent Administrator of Sedrick's succession, and issued Letters of Independent Administratorship to Sorita, authorizing her to perform all lawful acts as independent

---

[7] R. Doc. 44-4, pp. 1, 4.

[8] R. Doc. 44-4, pp. 1, 4 and *see* Fed. R. Civ. P. 17 ("(b) Capacity to Sue or Be Sued. Capacity to sue or be sued is determined as follows: (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile…The following representatives may sue or defend on behalf of a minor or an incompetent person: (A) a general guardian…"); La. Code Civ. Proc. art. 683 ("A. An unemancipated minor has no procedural capacity to sue. B. All persons having parental authority over an unemancipated minor must join as proper plaintiffs to sue to enforce a right of the minor…C. During tutorship, the tutor is the proper plaintiff to sue to enforce a right of the unemancipated minor."); and La. Civ. Code art. 250 ("Upon the death of either parent, the tutorship of minor children belongs of right to the other."). Additionally, as Sedrick's sole intestate heir, Z.E. succeeds to inherit Sedrick's property. La. Civ. Code arts. 880, 882, 888.

[9] *Kemper v. Don Coleman, Jr., Builder, Inc.*, 31,576 (La.App. 2 Cir. 7/29/99), 746 So.2d 11, 22.

[10] 282 So.2d 434, 438-39 (La. 1973).

administrator.[11]  Therefore, Sorita is Sedrick's legal successor under La. Code Civ. Proc. art. 801(2).[12]

Finally, the Motion states that Defendants do not object to the substitution of Sorita and Grant, on behalf of Z.E., as Plaintiffs in this matter.[13]

Accordingly, in light of the foregoing, and the proof of quality provided for each proposed Plaintiff,

**IT IS ORDERED** that the Ex Parte Motion and Reasons to Substitute Plaintiff, filed by Sorita Elzey and by Kanika Grant, on behalf of the minor child, Z.E., which is unopposed by Defendants, is **GRANTED**.[14]  The Clerk of Court is directed to substitute Sorita Elzey, in her capacity as legal representative of Sedrick Elzey's succession for Sorita Elzey as Sedrick Elzey's guardian, and to add Kanika Grant as natural tutrix of the minor child, Z.E., as plaintiff in this matter.

Signed in Baton Rouge, Louisiana, May 8, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] R. Doc. 44-3 and R. Doc. 44-4, pp. 1-3.

[12] While La. Code Civ. Proc. art. 801(2) is subordinate to art. 801(1), Grant jointly petitioned for Sorita to be named independent administrator, and Grant joined in the filing of the current Motion. R. Doc. 44-4, p. 1 and R. Doc. 44, p. 1. Furthermore, no prejudice has been shown by having both successors named as Plaintiffs and no Defendants object.

[13] R. Doc. 44, p. 6.

[14] R. Doc. 44.